**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| PAMELA ABBOTT-BROOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03437-MBB |
| | ) | |
| THOMAS ET AL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Pamela Abbott-Brooker's ("Plaintiff") Motion for a Temporary Restraining Order ("TRO") and Immediate Stay of State Court Proceedings ("Motion"). (**Doc. 2**). Because Plaintiff's claims are refuted by other of her own allegations and evidence presented, Plaintiff fails to show the requisite irreparable harm and Plaintiff's Motion is **DENIED**.

## Background

On July 27, 2026, Plaintiff filed a Civil Rights Complaint ("Complaint"). (**Doc. 1**). She filed her Motion for a temporary restraining order and immediate stay of court proceedings the same day. (**Doc. 2**). "[A] court may issue a temporary restraining order without written or oral notice… only if… specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" **Fed. R. Civ. Pro. 65(b)(1)(A)**.

Here, Plaintiff fails to sufficiently allege facts that show immediate and irreparable injury, loss, or damage would result before the adverse party can be heard. Plaintiff alleges in her Motion that, absent a TRO, "animal starvation and medical neglect… of Fourteen horses, two dogs, and a

cat" will occur, as well as "the sickness or death of the Plaintiff's aged horse family."  (**Doc. 2**, p. 20).  But Plaintiff alleges in her Complaint that Defendants "used the Humane [S]ociety as a proxy to execute an illegal, non-final seizure" of certain of Plaintiff's animals after allegedly withholding food and water from the horses.  (**Doc. 2**, p. 11).  The latter is inconsistent with the former; if the Humane Society intervened, it would presumably be working to remedy any animal neglect or starvation rather than exacerbate or continue it.   Even more, Plaintiff notes that she called the Humane Society to "report against the Dallas County Sheriff's Department for animal cruelty, and request assistance."  (**Doc.** 2, p. 10).  Plaintiff also alleges that Defendants unlawfully took possession of and evicted her from property she was "purchasing on a contract for deed since 2016."  (*Id*. at pp. 7-10).  But in an Exhibit to the Complaint, Plaintiff shares text messages allegedly from Defendant C. Wayne Thomas in which he says, "Hello Pam, just a note to let you know that I'm giving you permission to go and feed and water your animals at the farm tonight. How much time do you need to get everything out?" (**Doc. 1-6**, p. 2).  These text messages appear to have been sent on July 7, 2026—a day after Plaintiff alleges the unlawful eviction occurred. (*Id.*).  Because Plaintiff's claims are inconsistent with and, in some instances refuted by, other of her own allegations and evidence presented, she fails to prove irreparable harm.

### Conclusion

Having considered Plaintiff's Motion, the entire record, and the applicable law, the Court finds insufficient grounds to grant Plaintiff's requested TRO.  Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
United States District Judge

Dated:  July 29, 2026