**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| PAMELA ABBOTT-BROOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03437-MBB |
| | ) | |
| THOMAS ET AL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Pamela Abbott-Brooker filed a *pro se* Motion for Leave to Proceed in Forma Pauperis ("IFP"). (**Doc. 1**). Because Plaintiff filed an affidavit showing that the costs of the suit would make her unable to afford the basic necessities of life, and because Plaintiff pled sufficiently plausible facts, the Motion is **GRANTED**. Plaintiff also filed a Motion to Appoint Counsel. (**Doc. 3**). Because Plaintiff has no statutory or constitutional right to counsel and can effectively proceed without counsel, the Motion is **DENIED**.

## I. Plaintiff may proceed IFP because she filed an affidavit showing her inability to pay the costs of her suit and has pled sufficiently plausible facts to sustain her claim.

A court may authorize a plaintiff to commence any lawsuit without prepaying fees or giving security for such fees when they file an affidavit indicating they are unable to pay the costs of the suit. *See* **28 U.S.C. § 1915(a)(1)**. If paying the costs of the suit would force a plaintiff to give up the basic necessities of life, they are unable to pay such costs. ***Adkins v. E.I. Du Pont De Nemours & Co.***, 335 U.S. 331, 339 (1948). If a plaintiff is unable to pay the costs of a suit, a court must still dismiss the case if an action "fails to state a claim on which relief may be granted." **28 U.S.C. § 1915(e)(2)(B)**. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). While this showing of plausibility does not require a showing of *probability*, it does require establishing more than "a sheer possibility" that the alleged conduct occurred. ***Id.*** The Court construes "*pro se* complaints 'liberally,' but the complaint must still allege sufficient facts to support the claims advanced." ***Sandknop v. Missouri Dep't of Corr.***, 932 F.3d 739, 741 (8th Cir. 2019).

Here, Plaintiff filed an affidavit indicating she is unable to pay the costs associated with the lawsuit. (**Doc. 1-1**). And she has pled sufficient plausible facts to state a claim on which relief can be granted. She alleges that Defendants have "engaged in ongoing civil conspiracy to unlawfully deprive [her] of her land through unauthorized enforcement actions." (**Doc. 1-2**, p. 10). She asserts that Defendants "locked [her] out of her property, unlawfully seized approximately 30,000 in personal belongings, [] and left [her] homeless." (***Id.***). She also alleges that "Deputies of the Dallas County Sheriff's Department used excessive physical force against Plaintiff" and that she was hospitalized after the alleged assault. (***Id.***). Plaintiff finally says "Defendants executed an extrajudicial lockout and used physical force against Plaintiff on a Public Road without a valid, and final execution mandate." (***Id.*** at 9).

## II. Because Plaintiff's case is not overly complex and she is able to investigate and present her claims, appointment of counsel is not merited.

Plaintiff requests that the Court appoint counsel. (**Doc. 3**). She alleges that she has "made multiple efforts to obtain legal counsel" and that medical incapacitation, financial hardship, complexity of the case, and "active emergency" prevent her from proceeding without counsel. (***Id.*** at 1-2). But "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." ***Stevens v. Redwing***, 146 F.3d 538, 546 (8th Cir. 1998). "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors

such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." ***Id***. Here, Plaintiff's claims are not overly complex. Her filings show her ability to present her claims and investigate facts related to them. (**Doc. 1**); (**Doc. 3**). These factors weigh against appointing counsel.

**Conclusion**

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Proceed IFP (**Doc. 1**) is **GRANTED,** and Plaintiff's Motion to Appoint Counsel (**Doc. 3**) is **DENIED**. The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at her last known address.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2026