**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| PAMELA ABBOTT-BROOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03437-MBB |
| | ) | |
| THOMAS ET AL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff Pamela Abbott-Brooker's ("Plaintiff") Motion for a Temporary Restraining Order ("TRO"). (**Doc. 12**). Because Plaintiff fails to show the requisite likelihood of success on the merits, Plaintiff's Motion is **DENIED**.

**Background**

On July 27, 2026, Plaintiff filed a Civil Rights Complaint ("Complaint"). (**Doc. 1**). She filed the instant Motion on September 3, 2026. (**Doc. 12**). It requests that the Court grant a TRO to prevent "Defendants, their agents, and anyone acting in concert with them—specifically including Knights Auction Service in Lebanon, Missouri—from proceeding with an authorized, illegal auction and sale of the Real property at 185 Corkery Road, Lebanon, Missouri 65536." (**Doc. 12**, p. 1). Plaintiff asserts that the Defendants have placed the disputed property in a public auction. (***Id.*** at 4). She alleges that "the private sellers in this action, acting in active concert with state actors under the color of law, have engaged in a conspiracy to unlawfully dispossess Plaintiff of the subject property." (***Id.*** at 3).

## Discussion

"[A] court may issue a temporary restraining order without written or oral notice… only if… specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" **Fed. R. Civ. Pro. 65(b)(1)(A)**.

Here, Plaintiff fails to sufficiently allege facts that show she is likely to succeed on the merits of her claims. She asserts the "conspiracy relies on a forged contract for deed intended to strip Plaintiff of property ownership without due process of law." (**Doc. 1**, p. 3). But her evidence does not show that she owns the property in question. She characterizes the property as subject to a "contract for deed." (***Id.***). In a previously filed Motion for a Temporary Restraining Order, Plaintiff alleges she "has a large equity in" and "has been purchasing on the contract for deed since 2016." (**Doc. 2**, pp. 2, 7). A contract for deed is a contract in which a "seller agrees to convey the property to the buyer by delivering a warranty deed *upon completion of the installment payments*." ***Ryan v. Spiegelhalter***, 64 S.W.3d 302, 307 (Mo. 2002) (emphasis added). "The buyer under a contract for deed does not receive legal title to the property until the contract price is paid and a warranty deed delivered by the seller." ***Long v. Smith,*** 776 S.W.2d 409, 413 (Mo. Ct. App. 1989). Plaintiff's own language contradicts her claims of property ownership. Although she states that the property belongs to her, she concedes that the progress on her contract for deed is incomplete. Plaintiff has failed to show that she owns the property and is therefore unlikely to succeed on the merits.

## Conclusion

Having considered Plaintiff's Motion, the entire record, and the applicable law, the Court finds insufficient grounds to grant Plaintiff's requested TRO. Plaintiff's Motion (**Doc. 12**) is **DENIED**.

**IT IS SO ORDERED**.

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
United States District Judge

Dated: September 4, 2026